# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHERINE KELLY, | Case No. 3:19-cv-16004 (BRM) |
| Plaintiff, | |
| v. | **MEMORANDUM ORDER** |
| MERCER COUNTY CORRECTIONAL CENTER, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about July 30, 2019, Plaintiff Katherine Kelly, a prisoner confined in the Mercer County Correctional Center, filed her complaint in this matter. (ECF No. 1.)

2. On August 16, 2019, this Court granted Plaintiff *in forma pauperis* status. (ECF No. 3).

3. Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover,

while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. In her complaint, Plaintiff alleges that, while incarcerated at the facility, she was housed in a cell with her co-defendant, Defendant Harvey, who attacked and gravely beat her while the John Doe Defendants[1] observed and failed to protect her. Plaintiff additionally names the Facility itself as a Defendant.

7. Having reviewed the complaint, this Court finds no basis for the dismissal of Plaintiff's failure to protect claims against the John Doe Defendants, and will permit Plaintiff's claim to proceed against these Defendants at this time.

8. The two remaining Defendants, however, are not properly subject to suit in this matter. A county jail, such as the Mercer County Correctional Center, is not a person amenable to suit under § 1983 – the proper entity subject to suit is instead the county which operates the facility. *Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). The facility must therefore be dismissed from this matter with prejudice. Defendant Harvey is likewise not subject to suit under § 1983 as she is a private actor – another prisoner – and her actions cannot be attributed to the state based on the facts pled by Plaintiff. *See, e.g., Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010). Harvey must therefore be dismissed from this matter without prejudice.

---

[1] Plaintiff names in her complaint "Medical Jane and John Does" who she says were acting as correctional officers at the time of the incident. (ECF No. 1 at 1, 3-4.) In the body of her complaint, however, she mentions only that "corrections officers" witnessed the attack and "did nothing." (*Id.* at 5). This Court construes these corrections officers to be the John Does named in the attack and refers to them in this Order as the "John Doe Defendants."

**IT IS THEREFORE** on this 23rd day of November 2020,

**ORDERED** that Plaintiff's failure to protect claim shall **PROCEED** against the John Doe Defendants at this time; and it is further

**ORDERED** that Plaintiff's claims against the Mercer County Correctional Center are **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Defendant Harvey is **DISMISSED** from this matter **WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon the John Doe Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that the John Doe Defendants shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**